IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNESTO GERARDO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2597 |
| | § | |
| BAC HOME LOANS SERVICING, | § | |
| L.P., | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

Defendant BAC Home Loans Servicing, L.P. ("BAC") filed a Motion to Dismiss [Doc. # 6], to which Plaintiff Ernesto Gerardo filed a Response [Doc. # 8] in opposition. BAC neither filed a reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion to Dismiss.

Plaintiff alleges that he executed a promissory note in connection with the purchase of real property in Fort Bend County, Texas. Plaintiff seeks a declaratory judgment specifying the respective parties' rights and duties in connection with the promissory note. Plaintiff also alleges that BAC, who Plaintiff alleges is not the holder of the original note, has attempted to collect on the promissory note in a manner that violates the Fair Debt Collection Practices Act. BAC moved to dismiss,

asserting that it is not required to hold the original note because it is a "mortgage servicer," entitled under Texas law to conduct a foreclosure on the property.[1]

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1927, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

In this case, Plaintiff alleged in the Original Petition that BAC claims it is entitled to foreclose on the property because it is the holder of the promissory note. Plaintiff attached to the Original Petition a "Notice of Substitute Trustee's Sale" that identifies BAC as the "Current Mortgagee." Although BAC asserts that it is simply a "mortgage servicer," Plaintiff's allegations regarding BAC's status are sufficient to survive a motion to dismiss. Additionally, as Plaintiff notes in his Response, an

---

[1] BAC also argues that a declaratory judgment action is not the proper vehicle to "quiet title" to property. Plaintiff correctly notes in the Response that he is not seeking to "quiet title," but is seeking instead to obtain a declaration of the parties' rights and duties under the promissory note, a proper subject of a declaratory judgment action.

alleged mortgage servicer may qualify as a "debt collector" for purposes of the Fair Debt Collection Practices Act if it was assigned the debt servicing duties after the debt was in default. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). As a result, it is hereby

**ORDERED** that Defendant BAC's Motion to Dismiss [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 8th day of **September, 2010**.

_____
Nancy F. Atlas
United States District Judge